IN THE CIRCUIT COURT OF THE
NINTH JUDICIAL DISTRICT, IN AND
FOR ORANGE COUNTY, FLORIDA

GIRI JONES, an individual,

        Plaintiff,           **JURY TRIAL DEMANDED**

                     CASE NO.: 48-2006-CA-000026-O
v.

REEDY CREEK IMPROVEMENT
DISTRICT, a public corporation of
the State of Florida; BRUCE JONES,
in his official and individual capacity,
KENNETH HOFFMAN, in his official
and individual capacity,

        Defendants.
_____/

## AMENDED COMPLAINT

    **COMES NOW** Plaintiff Giri Jones ("Jones"), by and through his undersigned counsel, and

hereby sues the Defendants Reedy Creek Improvement District ("RCID"), a public corporation of

the State of Florida; Bruce Jones ("Bruce Jones"), and Kenneth Hoffman ("Hoffman"), and alleges

as follows:

## INTRODUCTION

    1.    Giri Jones brings this lawsuit after being subjected to illegal actions by Defendants

including illegal employment actions under Title VII of the Civil Rights Act of 1964, 42 U.S.C.

§2000e, *et seq.* as amended by the Civil Rights Act of 1991; the Florida Civil Rights Act ("FCRA"),

*Fla. Stat.* §760 *et seq.*; the Florida Public Whistle-blower's Act ("FWA"), *Fla. Stat.* §112.3187 *et seq.*;

and 42 U.S.C. §1981 and §1983.

    2.    Jones alleges that his present employer, RCID, has been engaging in a pattern and

practice of discrimination of race and retaliation after his complaints of illegal activity including complaints of discrimination. Because of the discrimination, deprivations and retaliation, Jones has been subjected to illegal and unequal pay status, denied raises and overtime opportunities, subjected to biased and unfair disciplinary actions, and has been prevented from being considered for performance awards and well-deserved recognition, all materially affecting the terms and conditions of his employment.

3.     Damages are claimed to be in excess of $15,000, exclusive of attorneys' fees, interest and costs, as well as for equitable relief that the Court may deem appropriate including, but not limited to, any appropriate injunction or declaratory relief.

## JURISDICTION, VENUE, AND PARTIES

4.     This Court has subject matter jurisdiction pursuant to Florida statutes.

5.     Venue is proper in the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida, pursuant to *Fla. Stat.* §47.011, because the unlawful practices were committed by the Defendants in this judicial circuit.

6.     Plaintiff Jones is an African American male *sui juris* who at all times relevant herein was a resident of Orange and/or Osceola Counties, State of Florida.

7.     At all times relevant herein, Jones was employed by RCID, a public corporation of the State of Florida, which provides governmental services to the landowners within the 25,000 acre district in Orange and Osceola Counties, including without limitation engineering, technical and utility facilities. RCID is governed by local, regional, state and federal rules, regulations and laws.

8.     At all times relevant herein, RCID operated and/or managed and maintained employees at its various facilities located in Osceola and Orange Counties, including, without limitation, Jones who reported to the RCID Administration Offices located at 1900 Hotel Plaza

Boulevard, Lake Buena Vista, Orange County, Florida.

9. At all times relevant herein, RCID was Jones's employer as defined by the relevant statutes.

10. At all times relevant herein, Bruce Jones was a Caucasian male *sui juris* who was employed by RCID and held the position of Support Services Manager. Bruce Jones managed, supervised, controlled and had responsibility for the day to day operations of certain divisions of RCID including the department in which Jones worked, and as such, oversees Hoffman and manages Jones and controls all the day to day terms and conditions of his employment, including salary, bonus opportunities, overtime, merit increases and other compensation terms and conditions.

11. At all times relevant herein, Hoffman was a Caucasian male *sui juris* who was employed by RCID as a Support Services Supervisor. Hoffman supervised controlled and had responsibility for the day to day operations of certain divisions of RCID including the department in which Jones worked, and as such, is Jones's immediate supervisor and controls all aspects of Jones's employment including the day to day terms and conditions, assignments of daily and/or special projects, salary, performance reviews, bonus opportunities, overtime opportunities, and other terms and conditions that materially alter his employment.

12. This is an action for declaratory and injunctive relief and for monetary damages against the Defendants to redress the deprivation of Jones's civil rights under 42 U.S.C. 2000(e) *et seq.* (Title VII), 42 U.S.C. § 1981, 42 U.S.C. § 1983, and Florida Statute Chapter 760 (FCRA).

## COMPLIANCE WITH PROCEDURAL REQUIREMENTS

13.     Jones timely dual filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR").

14.     Jones filed this lawsuit within ninety (90) days of his receipt of a Dismissal and Notice of Rights issued by the EEOC and more than one hundred eighty (180) days after his Charge of Discrimination was filed with the EEOC.

15.     All conditions precedent to the filing of this lawsuit have been met or otherwise waived.

16.     Plaintiff has exhausted all administrative remedies available to him prior to filing this lawsuit.

## FACTUAL ALLEGATIONS

17.     For more than eight (8), years Jones has been employed by RCID. He was hired on August 3, 1997, in a custodial position at a starting salary of $7.40 per hour. The title of his position was changed in 2002 to "facilities technician," but his duties remained the same. Jones is presently paid $10.95 by RCID. Jones was and is well qualified for many positions at RCID and has always looked forward to future opportunities for advancement. His previous employment included twenty (20) years of office/clerical and industrial maintenance experience. He is also a certified locksmith and, during his employment with RCID, he has become a qualified aquatics technician.

18.     Jones, as a custodian/facilities technician, works for RCID's support services department and is the only African American employee in the department. His immediate supervisor is Defendant Hoffman, Support Services Supervisor, and he also reports up the chain of command to Bruce Jones, Support Services Manager.

19.     From the beginning of his employment with RCID, Jones has been a responsible

4

employee who takes pride in his job performance and has attempted to establish a professional and respectful relationship with his co-workers and superiors.

20. Up until June 16, 2000, Jones had never received substantiated discipline of any form or any negative evaluations.

21. In June, 2000, Jones was written up by Steve Colston ("Colston") for allegedly violating a company policy. After being written up, Jones filed with RCID an internal harassment complaint because he felt Colston was treating him more harshly because of his race. Eventually, Mickey Shiver, who was then Director of Administration and Services of RCID, determined that the discipline against Jones was in fact improperly administered.

22. However, despite the fact that Shriver supported Jones's claims that Colston was making unfair employment decisions, instead of correcting the situation after Jones brought his concerns forward, his treatment and working conditions only grew worse.

23. Following Jones's June, 2000, complaint and determination by Shiver that Jones had in fact been treated unfairly, Jones's performance evaluations began to deteriorate. Although Jones was performing the same job with increased proficiency, his evaluations were inferior to the previous years' evaluations.

24. In addition to the unfair and inaccurate negative performance evaluations, Colston and RCID began treating Jones more harshly in other ways in retaliation for his complaint and because of his race. For example, in October, 2002, when Jones's father passed away and Jones applied for bereavement leave to attend his father's funeral in New York, Jones was granted three (3) days bereavement leave and was told by RCID that he would have to take the additional two (2) days as an unpaid leave of absence. Upon his return to work following his father's funeral, Jones discovered that other similarly situated, non-African American employees had been granted paid

bereavement leave of more days than he had been allowed, and were given more company consideration than he was by the same RCID supervisors.

25.     Therefore, Jones filed a Charge of Discrimination with the EEOC on or about January 16, 2003. In May, 2003, RCID acknowledged to Jones that it had applied its bereavement leave policy in a discriminatory fashion and, in exchange for Jones agreeing to withdraw the Charge of Discrimination, RCID paid Jones for the bereavement days for which Jones, unlike other RCID employees, had been forced to take as unpaid leave.

26.     Effective April 29, 2002, RCID hired another facilities technician by the name of Brian Porta ("Porta") (Caucasian). Porta, whose employment application with RCID reflected no prior experience in custodial or maintenance work, was hired at a rate of $12.00 per hour, even though Jones was being paid only $10.15 per hour at that time, and even though Jones had been with RCID since 1997 and was performing the same job. Porta, as of the filing of this Complaint, is being paid at least $13.40 per hour by RCID.

27.     Effective December 1, 2003, RCID hired yet another facilities technician by the name of Richard Corriveau ("Corriveau")(Caucasian). Corriveau was hired at a rate of $12.36 per hour, even though Jones was being paid only $10.40 per hour at that time, and even though Jones had been with the RCID since 1997, and was performing the same job. As of the time of filing this Complaint, Corriveau is being paid at least $12.61 per hour by RCID.

28.     Not only do the Caucasian facilities technicians receive a higher rate of pay, but throughout their tenure with RCID, they unjustifiably and inaccurately also receive higher performance evaluations by RCID. Further, Porta and Corriveau are also provided overtime opportunities that Jones is denied. Jones was not even aware that RCID allowed paid overtime to facilities technicians until December 14, 2005, when he saw one of Corriveau's work sheets which

6

indicated overtime. Jones had never been given overtime opportunities.

29. Between 2003 and the present, Jones has been subjected to an increasingly obvious hostile workplace by RCID, Bruce Jones, and Hoffman following his complaints of RCID's racial discrimination and complaints of retaliatory actions following his complaints of unfair and differential treatment to RCID management and/or the EEOC. As an example of some of the unfair employment actions:

     a.     African American Employees are paid less and given far fewer overtime opportunities than similarly situated non-African American Employees.

     b.     Supervisors, who necessarily need to communicate with the field technicians, refuse to communicate with Jones (the only African American in this department), whereas regular communication with all non-African American employees occurs.

     c.     Awards, bonuses and special recognition are regularly given to similarly situated non-African American employees performing similar job functions and with similar, if not lesser proficiency, to Jones, which are never awarded to Jones.

30. Following his March, 2005, evaluation, which was again inaccurately and unfairly negative, Jones filed a Charge of Discrimination with the EEOC on the basis of race and retaliation. Jones has continued to perform his job on par with, if not better than Porta and Corriveau, but receives lower employee evaluations than the Caucasian facilities technicians, Porta and Corriveau.

31. In two separate meetings in February, 2005, Jones attempted to rectify this situation by raising his concerns internally. His concerns were ignored. He again attempted to address his concerns in March, 2005, with Bruce Jones and Hoffman, including his concerns regarding his unequal pay status. Jones addressed the fact that his pay rate was not in line with those of Porta and Corriveau, the Caucasian facilities technicians. When Jones asked for the reason for the discrepancy

7

in his salary status, he was told by Bruce Jones that he was being paid less because, "Corriveau had more experience" than Jones. No explanation for the discrepancy with Porta's salary was offered.

32.     However, a comparison of the experience of Corriveau and Porta, as listed on their employment applications, with Jones's experience contradicts Bruce Jones's stated reason for the disparate treatment.

33.     On March 21, 2006, one (1) week after receiving a modest annual salary increase, Jones received his annual performance review for 2005. Jones met with and discussed his performance review and salary increase with Bruce Jones and Hoffman because he felt that the minimal pay increase was still out of line and was low because of the Defendants' continued retaliation and discrimination. Further, again, despite performing on par with or out performing Porta and Corriveau in subjective terms, Jones's increase was less than the increases that Porta and Corriveau received. In response, Bruce Jones attempted to justify the decision because of "years of service" and "performance reviews." However, Jones knew and pointed out that, if unbiased performance reviews were used, he should be paid at least equal to the Caucasian technicians. Further, if years of service are taken into account as Bruce Jones stated, Jones's salary should be substantially higher than Porta's or Corriveau's.

34.     Bruce Jones responded by simply saying, "You will never get the same or equal pay as Porta or Corriveau as long as Ray Maxwell and Mickey Shiver are in office."

35.     RCID's salary bias and other adverse employment actions against Jones, described herein, constitute a deliberate pattern of race discrimination and retaliation because of his prior verbal and written Complaints of RCID's unfair disciplinary practices and disparate treatment of him.

36. This is a blatant case of racial discrimination and deliberate retaliation adopted as a policy or custom of RCID against a responsible and dedicated African American employee during a nine plus year career with RCID. RCID and members of its management team have shown a complete lack of respect for the employee's dedication and ongoing work performance and have subjected him, or allowed him to be subjected, to a shameful onslaught of abusive, humiliating, and degrading attacks on his dignity, financial status, personal integrity, and self pride.

37. The discriminatory and hostile work environment at RCID was persistent, open and notorious.

38. As a direct, natural, proximate and foreseeable result of the actions of the Defendants, Jones has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of dignity, humiliation, and other non-pecuniary losses and intangible injuries.

## COUNT I

### VIOLATION OF TITLE VII:
### RACE DISCRIMINATION
### AGAINST RCID

39. This is an action for unlawful employment discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, as amended by the Civil Rights Act of 1991, against Defendant RCID by Plaintiff Jones.

40. Jones realleges and reasserts each and every allegation set forth in paragraphs 1 through 38 above, as though fully set forth herein.

41. Jones, an African American male, is a member of a protected class under Title VII.

42. Jones has been treated differently and less favorably than similarly situated

9

employees who are not African American as more fully described throughout this Complaint.

43.     Jones's race is at least a motivating factor in the decisions to not provide him fair and equal pay status, and in conducting inaccurately negative performance evaluations and intentionally preventing him from being considered for overtime, performance awards and well-deserved recognition, and allowing other hostile and racially based adverse employment actions that materially affect the terms and conditions of his employment.

44.     As a direct, natural, proximate and foreseeable result of the actions of RCID, Jones has suffered past and future pecuniary losses, emotional pain and suffering, mental anguish, loss of enjoyment of life, loss of dignity, and other non-pecuniary losses and intangible injuries.

45.     The conduct of Defendant RCID was grossly intentional, reckless, willful, wanton, malicious, oppressive, and/or unmindful of obligations to Jones and/or exhibited that entire want of care which would give rise to the presumption of conscious indifference to the consequences so as to warrant the imposition of punitive damages in an amount sufficient to punish, penalize or deter RCID for which it is liable to Jones.

WHEREFORE, Plaintiff Jones demands judgment against Defendant RCID for back pay, front pay, compensatory damages, prejudgment interest, punitive damages, attorneys' fees, costs of this action and such other relief as this Court deems just and proper including any equitable relief, such as declaratory or injunctive relief, that is proven warranted.

## COUNT II

## VIOLATION OF CHAPTER 760, FLORIDA STATUTES:
## RACE DISCRIMINATION
## AGAINST RCID

46.     This is an action for unlawful employment discrimination pursuant to Chapter 760, Florida Statutes, the Florida Civil Rights Act of 1992, against Defendant RCID by

Plaintiff Jones.

47.     Jones realleges and reasserts each and every allegation set forth in paragraphs 1 through 38 above, as though fully set forth herein.

48.     Jones, an African American male, is a member of a protected class under the Florida Civil Rights Act (FCRA), *Fla. Stat. §760 et seq.*

49.     Jones has been treated differently and less favorably than similarly situated employees who are not African American as more fully described throughout this Complaint.

50.     Jones's race is at least a motivating factor in the decisions to not provide him fair and equal pay status and in conducting negative performance evaluations and intentionally preventing him from being considered for overtime, performance awards and well-deserved recognition, and allowing other hostile and racially based adverse employment actions that materially affect the terms and conditions of his employment.

51.     As a direct, natural, proximate and foreseeable result of the actions of RCID, Jones has suffered past and future pecuniary losses, emotional pain and suffering, mental anguish, loss of enjoyment of life, loss of dignity, and other non-pecuniary losses and intangible injuries.

52.     The conduct of Defendant RCID was grossly intentional, reckless, willful, wanton, malicious, oppressive, and/or unmindful of obligations to Jones and/or exhibited that entire want of care which would give rise to the presumption of conscious indifference to the consequences so as to warrant the imposition of punitive damages in an amount sufficient to punish, penalize or deter RCID, for which it is liable to Jones.

WHEREFORE, Plaintiff Jones demands judgment against Defendant RCID for back pay, front pay, compensatory damages, prejudgment interest, punitive damages, attorneys' fees, costs of this action and such other relief as this Court deems just and proper, including any equitable relief

such as declaratory or injunctive relief that is proven warranted.

## COUNT III

### VIOLATION OF TITLE VII:
### RETALIATION
### AGAINST RCID

53.     This is an action for retaliation pursuant to Title VII against Defendant RCID by

Plaintiff Jones.

54.     Plaintiff realleges and reasserts each and every allegation set forth in paragraphs

1 through 38 above, as though fully set forth herein.

55.     Defendant RCID retaliated against Jones because Jones engaged in protected

activity.  Specifically, RCID retaliated against Jones because of Jones's allegations and complaints of

a practice of racial harassment and discrimination against him starting in 2000 and continuing.

56.     On several occasions throughout his tenure with RCID, Jones complained that he

was being treated differently and unfairly because of his race.

57.     After engaging in protected activity, Jones was subjected to adverse employment

actions including continued failure to pay him commensurate with similarly situated employees and

refusal to consider him for overtime hours, awards, bonuses, and promotions.

58.     Jones's protected activity was at least a motivating factor for the subsequent

adverse employment actions.

59.     These adverse employment actions were causally related to Jones's protected

activity.

60.     As a direct, natural, proximate and foreseeable result of actions of Defendant RCID,

Jones has suffered past and future pecuniary losses, emotional pain and suffering, inconvenience,

mental anguish, loss of enjoyment of life, loss of dignity, and other non-pecuniary losses and

intangible injuries.

61.     The conduct of Defendant RCID was grossly intentional, reckless, willful, wanton, malicious, oppressive and/or unmindful of obligations to Jones and/or exhibited that entire want of care which would give rise to the presumption of conscious indifference to the consequences so as to warrant the imposition of punitive damages in an amount sufficient to punish, penalize, or deter the Defendant, for which RCID is liable to Jones.

WHEREFORE, Plaintiff Jones demands judgment against Defendant RCID for back pay, front pay, compensatory damages, prejudgment interest, punitive damages, attorneys' fees, costs of this action, and such other relief as this Court deems just and proper, including any equitable relief such as declaratory or injunctive relief that is proven warranted.

## COUNT IV

## VIOLATION OF CHAPTER 760, FLORIDA STATUTES:
## RETALIATION
## AGAINST RCID

62.     This is an action for retaliation pursuant to Chapter 760, Florida Statutes, the Florida Civil Rights Act of 1992, against Defendant RCID by Plaintiff Jones.

63.     Jones realleges and reasserts each and every allegation set forth in paragraphs 1 through 38 above, as though fully set forth herein.

64.     Defendant RCID retaliated against Jones because Jones exercised in  protected activity.  Specifically, the Defendant retaliated against Jones because of Jones's allegations and Complaints of a practice of racial harassment and discrimination against him starting in 2000 and continuing.

65.     On several occasions throughout his tenure with RCID, Jones complained that he was being treated differently and unfairly because of his race.

66. After engaging in a protected activity, Jones was subjected to adverse employment actions including continued failure to pay him commensurate with similarly situated employees and refusal to consider him for overtime hours, awards, bonuses, and promotions.

67. Jones's protected activity was at least a motivating factor for the subsequent adverse employment actions.

68. These adverse employment actions were causally related to Jones's protected activity.

69. As a direct, natural, proximate and foreseeable result of actions of Defendant RCID, Jones has suffered past and future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of dignity, and other non-pecuniary losses and intangible injuries.

70. The conduct of Defendant RCID was grossly intentional, reckless, willful, wanton, malicious, oppressive and/or unmindful of obligations to Jones and/or exhibited that entire want of care which would give rise to the presumption of conscious indifference to the consequences so as to warrant the imposition of punitive damages in an amount sufficient to punish, penalize, or deter the Defendant RCID, for which RCID is liable to Jones.

WHEREFORE, Plaintiff Jones demands judgment against Defendant RCID for back pay, front pay, compensatory damages, prejudgment interest, punitive damages, attorneys' fees, costs of this action, and such other relief as this Court deems just and proper including any equitable relief, such as declaratory or injunctive relief that is proven warranted.

## COUNT V

## VIOLATION OF *FLA. STAT.* §112.3187 *et seq.*
## FLORIDA WHISTLE-BLOWER'S ACT
## AGAINST RCID

71. This is an action based on retaliation in violation of *Fla. Stat.*, §112.3187 *et seq.*, the Florida Whistle-blower's Act.

72. Jones alleges and reasserts each and every allegation set forth in paragraphs 1 through 39, above, as if fully set forth herein.

73. RCID is an "agency" as defined by the Whistle Blower's Act, and is thus subject to its provisions.

74. Defendant RCID took adverse employment actions against Jones because of his disclosure of illegal discriminatory practices by RCID to the person who is responsible to the legislative body for the administration of the governmental affairs of RCID and the FCHR.

75. After objecting to the discriminatory illegal practices, Jones was subjected to adverse employment actions, including continued failure to pay him commensurate with similarly situated employees and refusal to consider him for overtime hours, awards, bonuses, and promotions and to otherwise cease the harassment and disparate treatment.

76. Jones's protected activity was at least a motivating factor for the subsequent adverse employment actions.

77. These adverse employment actions were causally related to Jones's protected activity.

78. Jones has retained the services of the undersigned attorneys and is obligated to pay reasonable attorneys' fees and costs incurred in the prosecution of this cause.

WHEREFORE, Plaintiff Jones prays that this Court enter an Order granting the following

relief in an injunction ordering Defendant RCID to cease the continued violations of Federal and Florida laws, rules and regulations including an Order to immediately cease engaging in unwarranted adverse employment actions; and award judgment of an amount of money representing money lost by Jones because of the retaliation including, but not limited to, back pay, front pay, and medical expenses due to the stress created by the retaliation; compensatory damages allowable including, but not limited to, embarrassment and/or emotional distress; attorneys' fees, costs and expenses incurred by Jones on filing this action; and the removal of any disciplinary matters from his personnel file.

## COUNT VI

### VIOLATION OF 42 U.S.C. §1981
### RACE DISCRIMINATION
### AGAINST ALL DEFENDANTS

79.    This is an action for discrimination on the basis of race pursuant to 42 U.S.C. §1981.

80.    Plaintiff realleges and reasserts each and every allegation as set forth in Paragraphs 1 through 38 above, as though fully set forth herein.

81.    Defendants intended to and did continue a patten, practice and custom of racial discrimination and unlawful harassment against Jones through their continued less favorable treatment of him as compared to similarly situated non-African American employees as more fully described throughout this Complaint. As a result, Defendants have violated Jones's civil rights.

82.    As a result of Defendants' continued pattern, practice and custom of racial discrimination, Jones fails to enjoy equal rights under the law as enjoyed by white citizens.

83.    The adverse employment actions complained of herein were all done under color of state law.

84.    Defendant Bruce Jones is a Support Services Manager, and as such, he oversees

16

Hoffman and manages Jones, and controls all the day to day terms and conditions of Jones's employment including salary, bonus opportunities, overtime, merit increases and other compensation terms and conditions. Defendant Bruce Jones was a decision maker who acted under the color of state law with respect to the discriminatory treatment and decisions affecting Jones's terms and conditions of employment.

85. Defendant Hoffman is a Support Services Supervisor, and as such, is Jones's immediate supervisor and controls all aspects of Jones's employment including the day to day terms and conditions, assignments of daily and/or special projects, salary, performance reviews, bonus opportunities, overtime opportunities, and other terms and conditions that materially alter his employment. Defendant Hoffman was a decision maker who acted under the color of state law with respect to the discriminatory treatment and decisions affecting Jones's employment.

86. Defendants, intentionally and willfully violated Jones's constitutional right to equal protections under the law in violation of 42 U.S.C. §1981.

87. Defendants, acting under the color of state law, intentionally, purposefully and willfully caused the deprivations of Jones's constitutional rights.

88. Defendants treated other African Americans employed by RCID in a similarly discriminatory and harassing manner.

89. Defendants actions and conduct are a proximate cause of Jones's constitutional injuries.

90. The Defendants have a custom, policy or practice of treating African American employees differently from non-African American employees in terms of assignment of special projects and overtime. Pursuant to this custom, policy or practice, African American employees were routinely not advised that they could work overtime hours. This custom, policy or practice was

17

a proximate cause of Jones's injuries.

91.    As a direct, natural, proximate and foreseeable result of the actions of the Defendants, Jones has suffered past and future pecuniary losses, emotional pain and suffering, mental anguish, loss of enjoyment of life, loss of dignity, and other non-pecuniary losses and intangible injuries.

92.    The conduct of the Defendants was grossly intentional, reckless, willful, wanton, malicious, oppressive and/or unmindful of obligations to Jones and/or exhibited an entire want of care which would give rise to the presumption of conscious indifference to the consequences so as to warrant the imposition of punitive damages in an amount sufficient to punish, penalize, or deter the Individual Defendants, for which Defendants are liable to Jones.

WHEREFORE, Plaintiff Jones prays that this Court enter an Order granting the following relief in an injunction ordering Defendants to cease the continued violations of Federal and Florida laws, rules and regulations including an Order to immediately cease engaging in unwarranted adverse employment actions; and award judgment of an amount of money representing money lost by Jones because of the retaliation including, but not limited to, back pay, front pay, and medical expenses due to the stress created by the retaliation; compensatory damages allowable including, but not limited to, embarrassment and/or emotional distress; attorneys' fees, costs and expenses incurred by Jones on filing this action; pre-judgement interest and the removal of any disciplinary matters from his  personnel file, and award punitive damages against Defendants Bruce Jones and Kenneth Hoffman.

## COUNT VII

### VIOLATION OF 42 U.S.C. §1983
### RACE DISCRIMINATION
### AGAINST ALL DEFENDANTS

93.     This is an action for discrimination on the basis of race pursuant to 42 U.S.C. §1983.

94.     Jones realleges and reasserts each and every allegation as set forth in Paragraphs 1 through 38 above, as though fully set forth herein.

95.     Defendants intended to and did continue a patten, practice and custom of racial discrimination and unlawful harassment against Jones through their continued less favorable treatment of him as compared to similarly situated non-African American employees as more fully described throughout this Complaint. As a result, Defendants have violated Jones's civil rights.

96.     As a result of Defendants' continued pattern, practice and custom of racial discrimination, Jones fails to enjoy equal rights under the law.

97.     The adverse employment actions complained of herein were all done under color of state law.

98.     The positions of Support Services Manager and Support Services Supervisor are managerial positions in the administrative hierarchy of RCID's Support Services Department.

99.     Defendant Bruce Jones is a Support Services Manager, and as such, he oversees Hoffman and manages Jones, and controls all the day to day terms and conditions of Jones's employment including salary, bonus opportunities, overtime, merit increases and other compensation terms and conditions. Defendant Bruce Jones was a decision maker who acted under the color of state law with respect to the discriminatory treatment and decisions affecting Jones's terms and conditions of employment.

100.    Defendant Hoffman is a Support Services Supervisor, and as such, is Jones's

immediate supervisor and controls all aspects of Jones's employment including the day to day terms and conditions, assignments of daily and/or special projects, salary, performance reviews, bonus opportunities, overtime opportunities, and other terms and conditions that materially alter his employment. Defendant Hoffman was a decision maker who acted under the color of state law with respect to the discriminatory treatment and decisions affecting Jones's employment.

101.    The Plaintiff Jones has a constitutionally protected right to equal protection under the laws as guaranteed through the Fourteenth Amendment of the United States Constitution and made enforceable through 42 U.S.C. §1983.

102.    Defendants, intentionally and willfully violated Jones's constitutional right to equal protections under the law in violation of 42 U.S.C. §1983.

103.    Defendants, acting under the color of state law, intentionally, purposefully and willfully caused the deprivations of Jones's constitutional rights.

104.    Defendants treated other African Americans employed by RCID in a similarly discriminatory and harassing manner.

105.    Defendants were personally involved in the discriminatory treatment of which Jones complains.

106.    Defendants actions and conduct are a proximate cause of Jones's constitutional injuries.

107.    The Defendants have a custom, policy or practice of treating African American employees differently from non-African American employees in terms of assignment of special projects and overtime. Pursuant to this custom, policy or practice, African American employees were routinely not advised that they could work overtime hours. This custom, policy or practice was a proximate cause of Jones's injuries.

108.    Furthermore, Jones's constitutional injuries were caused by Defendants Colston,

Hoffman and Bruce Jones who are all final policy makers under 42 U.S.C. § 1983 with respect to

certain terms and conditions of Jones's jobs.

WHEREFORE, Plaintiff Jones prays that this Court enter an Order granting the following

relief in an injunction ordering Defendants to cease the continued violations of Federal and Florida

laws, rules and regulations including an Order to immediately cease engaging in unwarranted adverse

employment actions; and award judgment of an amount of money representing money lost by Jones

because of the retaliation including, but not limited to, back pay, front pay, and medical expenses

due to the stress created by the retaliation; compensatory damages allowable including, but not

limited to, embarrassment and/or emotional distress; attorneys' fees, costs and expenses incurred by

Jones on filing this action; pre-judgement interest and the removal of any disciplinary matters from

his  personnel file, and award punitive damages against Defendants Bruce Jones and Kenneth

Hoffman.

WHEREFORE, for the foregoing reasons, RCID should be found liable to the Plaintiff for

all sums and for all relief awarded to the Plaintiff against the individual Defendants.

## DEMAND FOR JURY TRIAL

Plaintiff, GIRI JONES, hereby demands trial by jury on all issues so triable.

Dated this 1st day of May, 2006.

Respectfully submitted,

*Nancy Johnson*

BERNARD H. DEMPSEY, JR.
Florida Bar No. 107697
NANCY A. JOHNSON
Florida Bar No. 0597562
DEMPSEY & ASSOCIATES. P.A.
1560 Orange Avenue, Suite 200
Winter Park, Florida 32789
Telephone: (407) 422-5166
Facsimile:  (407) 422-8556
Counsel for Plaintiff